**Philip Joseph HOWELL, Appellant,**

v.

**UNITED STATES MARSHAL et al., Appellees.**

No. 12072.

United States Court of Appeals Third Circuit.

Argued Feb. 4, 1957.

Decided Feb. 15, 1957.

**120**

Philip Joseph Howell, pro se.

W. Wilson White, U. S. Atty., Philadelphia, Pa. (Joseph L. McGlynn, Jr., Asst. U. S. Atty., Philadelphia, Pa., on the brief), for appellees.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

## PER CURIAM.

Appellant was convicted in the United States District Court for the Eastern District of Pennsylvania of bank robbery. His conviction was affirmed by this court on December 28, 1956, United States v. Howell, 240 F.2d 149. Under a search and seizure warrant appellant's safe deposit box was opened and its contents seized. Among other things the box contained two packages of paper currency totalling $3,400, a savings bank pass book showing deposits of $2,000 and an automatic pistol. In one of the packages there were 240 five dollar bills. Ninety-two of these bore serial numbers corresponding with the bank's serial numbers list of bills stolen. One of the five dollar bills had a notation made by a teller of the victim bank. In the other package were 151 ten dollar bills; 98 of these were crisp and new with their serial numbers running in sequence. Those numbers indicated that the certificates had been received at the Philadelphia Federal Reserve Bank after September 2, 1955. The robbery had been committed October 10, 1955. Appellant claimed the ten dollar bill package represented his life savings.

There were two motions on behalf of appellant to suppress the above named items as evidence and to return them to him. The first was denied without prejudice. On the second the court ordered the bank book suppressed as evidence and turned over to appellant; the balance of the motion was denied. On April 5, 1956 appellant was convicted after trial. The referred to 92 five dollar bills, the marked five dollar bill and the 98 ten dollar bills were received into evidence during the trial. The judgment of conviction was appealed to this court. On September 5, 1956, appellant petitioned the district court for a writ of replevin seeking to obtain the seized money, pistol "and accessories". The petition was dismissed with prejudice by the district court order of September 6, 1956. It is the appeal from that decision which is presently before us.

The issue is governed by Rule 64 of the Federal Rules of Civil Procedure, 28 U.S.C.A. which provides that replevin is available in the district court " * * * under the circumstances and in the manner provided by the law of the state in which the district court is held." The applicable Pennsylvania statute, 12 P.S. § 1845 reads:

"All writs of replevin granted or issued for any owner or owners of any goods or chattels, levied, seized or taken in execution, or by distress, or otherwise, by any sheriff, naval officer, lieutenant or sub-lieutenant of the city of Philadelphia, or of any county, constable, collector of the public taxes, or other officer, acting in their several offices, under the authority of the state, are irregular, erroneous and void; and all such writs may and shall, at any time after the service, be quashed (upon motion) by the court to which they are returnable, the said court being ascertained of the truth of the fact, by affidavit or otherwise."

See Zeigle v. Shaver, 1922, 38 Montg. 155, 2 Pa.Dist. & Co.R. 369; Jones v. Pavey, 1901, 7 Lack.L.N. 235, 49 Pittsb. Leg.J. 18, 10 Dist. 498; Ryder v. Lutz, 1921, 37 Lanc.Rev. 427.

At the time the writ was sought the property was in the custody of the law. As such it was not subject to replevin, particularly under the above related circumstances.

The order of the district court will be affirmed.

Phillips, Circuit Judge, dissented.